IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO.: 5:18-cv-366

| | |
|---|---|
| JAMES ALLEN POINDEXTER, JERRY JONES, GREGORY HOLT, AND THE CONSTITUTION PARTY OF NORTH CAROLINA,<br><br>Plaintiffs,<br><br>v.<br><br>KIM WESTBROOK STRACH in her official capacity as the Executive Director of the North Carolina State Board of Elections and Ethics Enforcement,<br><br>Defendants. | VERIFIED COMPLAINT<br><br>Injunctive and Declaratory Relief Requested |

COME NOW the Plaintiffs JAMES ALLEN POINDEXTER, JERRY JONES, GREGORY HOLT, AND THE CONSTITUTION PARTY OF NORTH CAROLINA by and through counsel, pursuant to 28 U.S.C. §2201, 42 U.S.C. 1983 and the Federal Rules of Civil Procedure hereby submit this Complaint against Defendant KIM WESTBROOK STRACH in her official capacity as the Executive Director of the North Carolina State Board of Elections and Ethics Enforcement and state as follows:

## INTRODUCTION

This action is brought to enjoin the unlawful and unfair ballot access restrictions placed upon the Constitution Party of North Carolina by the General Assembly and the North Carolina State Board of Elections and Ethics Enforcement.

## PARTIES

1. James Allen Poindexter is a citizen and resident of Surry County, North Carolina. Plaintiff Poindexter is a registered voter, affiliated with the Constitution Party of North Carolina,

was nominated as a candidate for the Constitution Party of North Carolina, was a candidate of Constitution Party of North Carolina, desires to be a candidate of the Constitution Party of North Carolina, and intends to vote for the Constitution Party of North Carolina candidates.

2. Jerry Jones is a citizen and resident of Greene County, North Carolina. Plaintiff Jones is a registered voter, affiliated with the Constitution Party of North Carolina, was nominated as a candidate for the Constitution Party of North Carolina, was a candidate of Constitution Party of North Carolina, desires to be a candidate of the Constitution Party of North Carolina, and intends to vote for the Constitution Party of North Carolina candidates.

3. Gregory Holt is a citizen and resident of Craven County, North Carolina. Plaintiff Holt is a registered voter, affiliated with the Constitution Party of North Carolina, was nominated as a candidate for the Constitution Party of North Carolina, desires to be a candidate of the Constitution Party of North Carolina, and intends to vote for the Constitution Party of North Carolina candidates.

4. The Constitution Party of North Carolina is a political party and organization, recognized under the laws of North Carolina and is organized as a political committee and brings this action hereto on behalf of itself, its candidates, officials, voters, and supporters. It has its principal place of business in Charlotte, Mecklenburg County, North Carolina. Its core political values are (1) Right to Life; (2) Religious Freedom; (3) the Traditional Family; (4) Private Property Rights; (5) Pro-Second Amendment; (6) Anti-Socialism; and (7) Pro National Sovereignty. The purpose of Constitution Party of North Carolina is to influence public policy by a variety of means including running candidates for public office and disseminating its views on public policy issues through its campaigns, among others. Kevin Hayes is the party's Vice-Chairman.

5. Defendant Strach, in her official capacity as the Executive Director of the North Carolina State Board of Elections and Ethics Enforcement is the chief elections officer in North Carolina, and is charged with the enforcement of the North Carolina election laws (*N.C. Gen. Stat*. § 163A-1 *et seq*.) including N.C. Sess. Law 2018-13. Defendant is located and conducts it affairs at or about 430 North Salisbury Street, Raleigh, Wake County, North Carolina.

6. Defendant Strach's actions, at all relevant time hereto, have been under color of North Carolina law within the meaning of 42 U.S.C. § 1983 and constitute state action within the meaning of the First and Fourteenth Amendments of the United States Constitution.

## JURISDICTION

7. Jurisdiction is proper over Plaintiff's claims under 28 U.S.C. §§ 1331 and 1343 as this action arises under 42 U.S.C. § 1983.

## VENUE

8. Venue properly lien in this district under 28 U.S.C. § 1391(b).

## FACTS

9. Plaintiffs have been required to engage an attorney to represent them in this matter and have agreed to compensate him for his services.

**The Constitution Party of North Carolina becomes Recognized Under N.C. Election Law**

10. On or about June 6, 2018, the Constitution Party of North Carolina became a recognized political party under the elections laws of North Carolina. The Constitution Party of North Carolina, through its representatives, timely filed with the State Board of Elections and Ethics Enforcement more than the required amount of petition signatures, as well as more than 200 signatures from more than three congressional districts. The State Board of Elections and Ethics Enforcement then voted unanimously to recognize the Constitution Party of North Carolina as the state's newest political party.

11. Until June 6, 2018, the Constitution Party of North Carolina did not have access to the ballot in North Carolina and could not nominate candidates. Likewise, voters could not register to vote as a Constitution Party of North Carolina voter.

12. Prior to the Constitution Party of North Carolina becoming recognized under the elections laws of North Carolina, no voter in North Carolina could affiliate with the party in that voter's registration.

13. Primary elections in North Carolina for 2018 occurred on May 8, 2018 with options for second primaries occurring after on June 27, 2018, or July 17, 2018 depending on whether a federal office in the state required a second primary or not.

14. Prior to the ballot access recognition of Constitution Party of North Carolina, James Allen Poindexter ran for the office for North Carolina House of Representatives, District 90, in the Republican Party primary election. Mr. Poindexter lost the primary election.

15. Prior to the ballot access recognition of Constitution Party of North Carolina, Gregory Holt ran for office for Craven County Board of Commissioners, District 1, in the Republican Party primary election. Mr. Holt lost the primary election.

16. Prior to the ballot access recognition of Constitution Party of North Carolina, Jerry Jones ran for office for Greene County Board of Commissioners, District 3, in the Democratic Party primary election. Mr. Jones lost the primary election.

17. Pursuant to the election laws governing newly recognized parties, the Constitution Party of North Carolina was not permitted to participate in the primary elections and was required to nominate its candidates by convention.

18. After the Constitution Party of North Carolina held its convention it submitted its candidate list the North Carolina State Board of Elections and Ethic Enforcement.

Candidates for the Constitution Party of North Carolina included James Allen Poindexter, Jerry Jones, and Greg Holt. The candidates were accepted by the North Carolina State Board of Elections and Ethic Enforcement.

**Defendant's Retroactive Stripping of Candidates of the Constitution Party of North Carolina and *After* the Commencement of the 2018 General Election Process**

19. On or about June 5, 2018 the North Carolina General Assembly passed legislation that in part modified the provisions of the election law governing the participation of new political parties in the general election: Senate Bill 486, "AN ACT TO MAKE VARIOUS CHANGES RELATED TO ELECTION LAWS." The Bill went to the Governor for signing or for veto. On or about June 15, 2018, the Governor vetoed Senate Bill 486 and stated that "Continued election meddling for partisan advantage weakens public confidence."

20. After the Governor's veto of Senate Bill 486, the North Carolina General Assembly or about June 20, 2018, passed Senate Bill 486 into law, (N.C. Sess. Law 2018-13).

21. N.C. Sess. Law 2018-13 states in pertinent part that, "An individual whose name appeared on the ballot in a primary election preliminary to the general election shall not be eligible to have that individual's name placed on the general election ballot as a candidate for the new political party for the same office in that year."

22. Thereafter, on or about June 21, 2018, Defendant Strach through the North Carolina State Board of Elections and Ethics Enforcement decertified candidates Poindexter, Jones, and Holt despite previously accepting them.

23. The retroactive application of N.C. Sess. 2018-13 to disqualify Plaintiffs, including those who were in the middle of the election process and had already been accepted by the

North Carolina State Board of Elections and Ethic Enforcement, violates the First and Fourteenth Amendments.

24. Plaintiffs Poindexter, Jones, and Holt are directly injured by N.C. Sess. Law 2018-13 retroactively stripping them of their opportunity to run as candidates of the Constitution Party of North Carolina.

25. Defendant Constitution Party of North Carolina has been directly injured by not being able to field the candidates that it nominated and approved of at its convention, among others. Furthermore, voters affiliated with Constitution Party of North Carolina have been injured by being deprived of the ability to vote for candidates of the Constitution Party of North Carolina.

26. Additionally, prior to the passage of Senate Bill 486, some members of the Constitution Party of North Carolina had discussed nominating Representative Beverly Boswell of Dare County to the North Carolina House of Representatives. Representative Boswell lost the primary election for the Republican Party. Representative Boswell was not nominated as a candidate of the Constitution Party of North Carolina for the 2018 general election. Upon information and belief, the possibility of Rep. Boswell running as a Constitution Party Candidate was a motivating factor for the targeting of the Constitution Party Candidates to prevent them from running for their desired seats of office.

27. Even members of the General Assembly have stated that "Doing this [changing the election law on running as a candidate of a new party during the election process] at this time bears an appearance that it may be targeting specific individuals." Another member of the General Assembly stated that "It's just going to make a mess of the system this year. It's not fair to change the rules after the game [the election] has started."

28. As a direct and proximate result of Defendant's actions, Plaintiffs Poindexter, Jones, and Holt have suffered injuries to their rights, including associational rights.

29. As a direct and proximate result of Defendant's actions, Plaintiff Constitution Party of North Carolina has been hampered in its objectives in the 2018 election and in garnering support among the electorate for its platform; and as a result the Constitution Party of North Carolina has had to divert its resources to address injuries to its rights, including associational rights and has been impeded its efforts to carry out its mission.

## FIRST CLAIM FOR RELIEF
### As-Applied First and Fourteenth Amendment Violation

30. Plaintiffs incorporate by reference the allegations contained within the preceding paragraphs as if fully set out herein.

31. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. U.S. Const. Amend. 14, §1.

32. Pursuant to 42 U.S.C. § 1983, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ."

33. N.C. Sess. Law 2018-13 prohibition new party candidates violates, as-applied, the First Amendment (as incorporated through the Fourteenth Amendment) to the United States Constitution and 42 U.S.C. § 1983.

34. Defendant Strach, as the chief elections officer in North Carolina, is charged with enforcing N.C. Sess. Law 2018-13.

35. Defendant Strach's enforcement of N.C. Sess. Law 2018-13, as-applied thereby violates the First Amendment (as incorporated through the Fourteenth Amendment) to the United States Constitution and 42 U.S.C. § 1983.

36. As a direct and proximate result of the Defendant Strach's enforcement of N.C. Sess. Law 2018-13, as-applied, Plaintiffs have suffered injury and continue to suffer such injury. A real and actual controversy exists between the Plaintiffs and Defendant with regarding to the First Amendment and Fourteenth Amendment rights of Plaintiffs harmed by the retroactive enforcement of N.C. Sess. Law. 2018-13.

37. Plaintiffs are entitled to a declaratory judgment declaring that N.C. Sess. Law 2018-13, Section 3.4, is unconstitutional, as applied.

38. Pursuant to 42 U.S.C. § 1983, *et. seq.*, Plaintiffs are entitled to a declaratory judgment declaring their rights and to their reasonable costs and attorney's fees in this case.

39. Pursuant to Rule 65, Plaintiffs are entitled to injunctive relief enjoining the enforcement of N.C. Sess. Law. 2018-13.

**SECOND CLAIM FOR RELIEF**
**Due Process Violation**

40. Plaintiffs incorporate by reference the allegations contained within the preceding paragraphs as if fully set out herein.

41. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. U.S. Const. Amend. 14, §1.

42. Pursuant to 42 U.S.C. § 1983, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ."

43. Defendant Strach, as chief elections office in North Carolina, is charged with enforcing the terms of N.C. Sess. Law. 2018-13.

44. N.C. Sess. Law. 2018-13 retroactively disqualifies Plaintiff Constitution Party of North Carolina , in part, and Plaintiffs Poindexter, Jones, and Holt, in whole, from participation in the 2018 general election in violation of the First Amendment and Due Process clause of the Fourteenth Amendment to the United States Constitution; and violates Plaintiffs' associational rights.

45. Defendant Strach's enforcement of N.C. Sess. Law. 2018-13 thereby violates Plaintiffs' rights under the First Amendment and Due Process clause of the Fourteenth Amendment to the United StatesConstitution (and 42 U.S.C. § 1983).

46. Plaintiffs have no appropriate rapid or adequate remedy absent a temporary restraining order, preliminary injunction and permanent injunction. Plaintiffs are threatened with continued harm, particularly in light of the 2018 general election. Plaintiffs are entitled to injunctive relief.

47. Plaintiffs are entitled to a declaratory judgment declaring that Defendant Strach's enforcement of N.C. Sess. Law 2018-13, Section 3.4, is unconstitutional.

48. Pursuant to 42 U.S.C. § 1983, *et. seq.*, Plaintiffs are entitled to a declaratory judgment declaring their rights and to their reasonable costs and attorney's fees in this case.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray unto the Court for the following relief:

1. That the Court enjoin Defendant from applying N.C. Sess. Law 2018-13 to Plaintiffs;

2. That the Court declare that N.C. Sess. Law 2018-13 is unconstitutional as applied under the First and Fourteenth Amendments of the United States Constitution;

3. That the Court declare that N.C. Sess. Law 2018-13's retroactive abrogation of Plaintiffs' rights to participate fully in the 2018 general election violates the First and the Fourteenth Amendments of the United States Constitution;

4. That the Court grant a preliminary injunction under 42 U.S.C.§ 1983 prohibiting Defendant Strach from removing Plaintiff candidates, Poindexter, Jones, and Holt from the North Carolina general election ballots;

5. That the Court grant a permanent injunction under 42 U.S.C.§ 1983 prohibiting Defendant Strach from removing Plaintiff candidates, Poindexter, Jones, and Holt from the North Carolina general election ballot;

6. That the Court tax the costs of this action and reasonable attorney's fees pursuant to 42 U.S.C. § 1988 against a party other than Plaintiffs;

7. That the Court grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ S. Mark Henkle
S. Mark Henkle, Esq.
N.C. State Bar No. 49265
P.O. Box. 241268
Charlotte, NC 28224
*Attorney for Plaintiffs*

## VERIFICATION

We, JAMES ALLEN POINDEXTER, JERRY JONES, GREGORY HOLT, AND THE CONSTITUTION PARTY OF NORTH CAROLINA, do hereby declare under penalty of perjury that the forgoing Verified Complaint is true and correct to the best of our knowledge.

_____
JAMES ALLEN POINDEXTER

_____
JERRY JONES

_____
GREGORY HOLT

_____
On behalf of CONSTITUTION PARTY OF NORTH CAROLINA