IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO.:5:18-cv-366-FL

| | |
|---|---|
| JAMES ALLEN POINDEXTER, JERRY JONES, GREGORY HOLT, AND THE CONSTITUTION PARTY OF NORTH CAROLINA,<br><br>Plaintiffs,<br><br>v.<br><br>KIM WESTBROOK STRACH in her official capacity as the Executive Director of the North Carolina State Board of Elections and Ethics Enforcement,<br><br>Defendants. | **REPLY IN SUPPORT OF MOTION FOR ATTORNEY FEES** |

COME NOW the Plaintiffs, by and through counsel, and hereby replies to the response of Defendant Strach in opposition to Plaintiff Motion for Attorney Fees and state unto the Court as follows:

## ARGUMENT

I. **PLAINTIFFS ARE THE PREVAILING PARTIES PURSUANT TO 42 U.S.C. § 1983, WHICH ENTITLES PLAINTIFFS TO ATTORNEYS' FEES.**

Under 42 U.S.C. § 1988, "In any action or proceeding to enforce a provision of sections . . . 1983 . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b). A plaintiff prevails "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *See Lefemine v. Wideman*, 568 U.S. 1, 4, 133 S. Ct. 9, (2012) (quoting *Farrar* v. *Hobby*, 506 U.S. 103, 111-112, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992)). The Supreme Court

has stated that an injunction or declaratory judgment, like a damages award, will usually satisfy that test. *See Lefemine* 568 U.S. at 4.

Here, Defendant impliedly concedes that Plaintiffs are the prevailing party. (ECF Doc. 39, p. 1.) Because of such concession, Defendant's request that Plaintiffs' motion be denied wholly is inappropriate and unwarranted. (*Id.* at 9.) Therefore, Plaintiffs' motion for attorney fees should be allowed in whole or in part. *See Blanchard v. Bergeron*, 489 U.S. 87, 89 n.1, 103 L. Ed. 2d 67, 109 S. Ct. 939 (1989) (stating that "the prevailing party 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust."). The special circumstances exception is "narrow" and applies "only on rare occasions." *See City of Greensboro v. Guilford Cty. Bd. of Elections*, No. 1:15-CV-559, 2018 U.S. Dist. LEXIS 798 (M.D.N.C. Jan. 3, 2018).[1] Plaintiffs have altered the legal arrangement between themselves and Defendant through this lawsuit and are prevailing parties entitled to attorney fees as a result.

## II. PLAINTIFFS' COUNSEL'S HOURS ARE REASONABLE IN LIGHT OF THE COMPLEX NATURE OF THIS MATTER BEFORE THE COURT.

Awards of such fees are a particularly critical component of the remedy to which prevailing plaintiffs are entitled in cases where private citizens are forced to litigate to enforce their constitutional rights, and assume the cost of such litigation upfront. *See City of Riverside v. Rivera*, 477 U.S. 561, 577 (1986) ("If private citizens are able to assert their civil rights, and if those who

---

[1] Special circumstances are "few and far between;" however, courts sometimes find special circumstances that justify denying fees. *See City of Greensboro*, , 2018 U.S. Dist. LEXIS 798 (M.D.N.C. Jan. 3, 2018. Courts principally deny attorney's fees when an award would not advance the purpose of § 1988. *See Kay v. Ehrler*, 499 U.S. 432, 437-38, 111 S. Ct. 1435, (1991) (denying fees to a *pro se attorney*-plaintiff because fee award would not advance "the overriding statutory concern . . . in obtaining independent counsel for victims of civil rights violations"), or when a plaintiff's suit does not vindicate civil rights. *See, e.g., Chastang v. Flynn & Emrich Co.*, 541 F.2d 1040, 1045 (4th Cir. 1976) (denying fees because the plaintiffs' suit was filed after the plan was amended to abolish any discriminatory impact). None of these special circumstances are at play in this case.

violate the Nation's fundamental laws are not to proceed with impunity, then citizens must have the opportunity to recover what it costs them to vindicate these rights in court.").

Attorneys for prevailing plaintiffs in civil rights cases should be compensated "for all time reasonably expended on a case." *Riverside*, 477 U.S. at 578; see also *Stuart v. Walker-McGill*, No. 1:11-CV-804, 2016 U.S. Dist. LEXIS 7976, *22-*23 (M.D.N.C. Jan. 25, 2016) ("While a close and careful review of reasonableness of time spent on a case is appropriate, it is improper to engage in an *ex post facto* determination of whether attorney hours were necessary to the relief obtained."). Cases that present "complex and interrelated issues of fact and law" or involve novel claims may reasonably require higher expenditures of time than other cases. *See Riverside*, 477 U.S. at 571; *Daly v. Hill*, 790 F.2d 1071, 1078 (4th Cir. 1986) (citing *Blum v. Stenson*, 464 U.S. 886, 1549 (1984)) ("[A]s a general rule, the novelty and complexity of a lawsuit will be reflected in the number of billable hours.").

"Voting suits are unusually onerous to prepare." *South Carolina v. Katzenbach*, 383 U.S. 301, 314 (1966). Voting rights lawsuits are widely recognized as among the most complex, fact intensive, time-consuming, and expensive federal cases to bring and to litigate. As the Supreme Court explained in 1966, such suits "sometimes require[e] as many as 6,000 man-hours." *Id.*; *see also,* Richard H. Pildes, *The Future of Voting Rights Policy: From Anti-Discrimination to the Right to Vote*, 49 How. L.J. 741, 747 (2006). Since 1993, the Federal Judicial Center has compiled statistics on the amount of time and effort required by sixty-three (63) types of cases in the federal courts. *See* Fed. Judicial Ctr., *2003-2004 District Court Case Weighting Study: Final Rep. to the Subcomm. on Judicial Statistics of the Comm. on Judicial Res. of the Judicial Conf. of the U.S.* (2005) (https://www.fjc.gov/sites/default/files/2012/CaseWts0.pdf.) The Federal Judicial Center study identified voting rights cases as the sixth most time consuming, just ahead of civil antitrust

cases. *Id*. at 60 fig. 4. According to the study, voting rights cases require nearly four times the judicial resources of the median district court case. *Id*.

Because of the complexity and novelty of the Plaintiffs claims, Plaintiffs' counsel was required to expend significant time researching relevant case law and statutes as well as expend time drafting memoranda as reflected in Exhibit A to the Martineau and Henkle Declarations. (Martineau Decl., Ex A. & Henkle Decl., Ex. A.)

This case arose from the passage of various bills into law including N.C. Sess. Law 2018-13, a so-called "sore loser" law which was enacted after the Plaintiffs here had exercised their rights to run in the 2018 general election. Plaintiffs had been certified to participate in the 2018 general election but were de-certified by Defendant through the N.C. State Bd. of Elections and Ethics Enforcement. Adding to the complexity of this case was the fact that this case was impacted by legislation and court action in other cases. *See Cooper v. Berger*, No. 18-CVS-9805 (N.C. Super. Ct. Wake County August 21, 2018); *N.C. State Conf. of the NAACP v. Moore*, No. 18-CVS-9806 (N.C. Super Ct. Wake County August 21, 2018) at 29-30 (unpublished); *see also, Anglin v. Berger et al.*, (18 CVS 9748) and *Edwards v. NC State Board of Elections et al.*, (18 CVS 9749). Furthermore, this case was impacted by cases pending in the Middle District: *Common Cause, et al. v. Rucho, et al.,* 1:16-CV-1026, & *League of Women Voters of North Carolina, et al. v. Rucho, et al.,* 1:16-CV-1164. (ECF Doc. 26.) In a split decision, the panel ruled that the 2016 congressional maps violated constitutional prohibitions against excessive partisan gerrymandering of congressional districts. This decision likewise implicated the printing of ballots and candidates, like Plaintiffs from running on those ballots in their respective districts. (ECF Doc. 26.) The core issues in this case were not straightforward. Due to the complexity of this nature in this case, hours expended by Plaintiffs' counsel are appropriate. Plaintiff obtained a preliminary injunction

establishing success on the merits of their Equal Protection, procedural due process and substantive due process claims which vindicated their rights for the recently concluded 2018 general election. *Poindexter v. Strach*, 324 F. Supp. 3d 625 (E.D.N.C. 2018).[2]

### III. PLAINTIFFS' COUNSEL'S TIME ENTRIES ARE APPROPRIATE AND SUFFICIENTLY SPECIFIC.

Defendant contends that Plaintiffs' counsel has engaged in block billing such that Plaintiffs counsel's entries are not specific enough. However, this Court in *Veasey v. Wilkins*, 158 F. Supp. 3d 466 (E.D.N.C. 2016), analyzed this issue and came to the opposite conclusion of Defendant. The Court opined that "While some entries included multiple tasks, the entries break down the exact amount of time spent on each task." *Id.* at 472.

Additionally, some entries included by Plaintiff's counsel in *Veasey* were *less specific* than Plaintiff's counsel in this case. *See Veasey v. Wilkins*, 158 F. Supp. 3d 466 (E.D.N.C. 2016)5:14-cv-369-BO; (ECF Doc. 65-3) (billing 3.40 hours for "Continued revisions to brief, discussed same with D. Sigale, complete briefing and exhibits, and filed same[;]" billing 5.20 hours for "Drafted portions of brief regarding Monell, statutory interpretation, and other matters; drafted statement of the case and statement of facts, email with D. Sigale[;]" and 2.60 hours for "Continued legal research and writing for brief in opposition to Motion to Dismiss, and reviewed correspondence from D. Sigale regarding same.").

---

[2] The Supreme Court explained in *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933 (1983), "*Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee*. The result is what matters." 461 U.S. at 435 (Emphasis added). The Fourth Circuit has said in *Western Insulation, LP v. Moore*, 362 Fed. Appx. 375 (4th Cir. 2010), "[A] district court evaluating the degree of success on the merits between successful and unsuccessful claims should not look to the motives of the plaintiff as guidance, meaning the court should not attempt to determine what the plaintiff would have thought more important. The comparison should be with the relief "sought" not the relief "most important" to the plaintiff. The court must therefore view the entirety of the suit objectively" *Id*. at 380.

The Court in *Veasey* stated that it did "not find such time entries too vague to decipher" and "[g]iven the context of each entry it [was] clear what task was being billed." *Veasey*, 158 F. Supp. 3d at 472. Other courts have declined to reduce fees where the defendant alleged block billing. *See Rust v. Elec. Workers Local No. 26 Pension Trust Fund*, 2012 U.S. Dist. LEXIS 82044 (E.D. Va. 2012) (where a court declined to impose an across the board reduction where there was "nothing that would suggest that plaintiff [was] seeking fees for non-recoverable activities"). Time spent drafting and researching are relevant and related to this litigation and are proper for awards of attorney fees. Likewise, communications regarding how to comply with the order granting preliminary injunction entered by this Court are relevant and related to this litigation and proper for awards of attorney fees. Additionally, consulting with other attorneys does not relieve an attorney of a duty to thoroughly prepare a case under the circumstances.

## IV. PLAINTIFFS' COUNSEL' RATES ARE REASONABLE PURSUANT TO THE RELEVANT LEGAL MARKET AND IN LIGHT OF PRIOR CASE LAW.

Plaintiffs' counsel's rates are reasonable. Defendant does not challenge the rate of $350.00 per hour for Ms. Martineau, but does challenge the rate of $250 per hour for Mr. Henkle. (ECF Doc. 39, p. 7, n. 5.) However, Mr. Henkle's rate of $250.00 per hour is reasonable. In analyzing the reasonableness of rates in the present case, the Court may consider rates in other cases. *See Silver Deer St. John Equity Partners, LLC., v. Kopelman*, 2012 U.S. Dist. LEXIS 166849*5 (E.D.N.C. 2012) (noting that this Court has "considered the rates awarded by this and other North Carolina district courts as well as its own knowledge of the market rate in this district."). Frequently, Courts take judicial notice of rates awarded in previous cases. *See Eastern Associated Coal Corp. v. Dir., OWCP*, 724 F.3d 561, 575 n.13 (4th Cir. 2013).

6
Case 5:18-cv-00366-FL   Document 40   Filed 12/11/18   Page 6 of 11

In the Fourth Circuit's recent decision in a comparable civil rights case, *McAfee v. Boczar*, 738 F.3d 81 (4th Cir. 2013), which affirmed hourly rates of $585.00 and $365.00 as reasonable for a Richmond-based lead counsel and senior associate, respectively. Further, this Court has found reasonable rates at $400.00 per hour, and higher, for partner work and rates between $300.00 and $200.00 for associate work. *See, Laschkewitsch v. Am. Nat'l Life Ins. Co.*, No. 5:15-CV-21-D, 2017 U.S. Dist. LEXIS 185321 (E.D.N.C. July 27, 2017) (stating that attorney's fees at a rate of $480-500 and $340-$370 were reasonable and fell within the range of customary fees for the Eastern District); *Reliastar Life Ins. Co. v. Laschkewitsch*, No. 5:13-CV-210-BO, 2014 U.S. Dist. LEXIS 198870 (E.D.N.C. Apr. 14, 2014), (awarding fees in 2014 at rates of $400/hr. for a senior partner, $238/hr. for a junior associate, and $150-$200/hr. for paralegals); *Silverdeer St. John Equity Partners I LLC v. Kopelman*, 5:11-cv-00095-JF, 2012 U.S. Dist. LEXIS 166849, at *1 (E.D.N.C. Nov. 21, 2012), appeal withdrawn (Jan. 29, 2013) (awarding fees "for a straightforward collection action" in this District based on partner rates of $400 per hour., associate rates of $200 to $300 per hour and a paralegal rate of $100 per hour); *Bennett v. CSX Transp. Inc.*, 905 F. Supp. 2d 704, 708 (E.D.N.C. 2012) *reversed on other grounds*, 552 F. App'x 222 (4th Cir. 2014) (awarding partner rate of $410 per hour., an associate rate of $300 per hour, and a paralegal rate of $160 per hour).

Other courts within the Fourth Circuit had held reasonable a previous award at the hourly rate of $575.00 for a partner in a closely analogous case in which this Court enjoined the Virginia State Board of Elections from enforcing a voting statute that it had deemed unconstitutional. *Lux v. Judd*, 868 F. Supp. 2d. 519, 531-32 (E.D. Va. 2012). Likewise, the hourly rates allowed in a recent voting rights case, *Page v. Va. State Bd. of Elections*, Civil Action No. 3:13-cv-678, 2015 U.S. Dist. LEXIS 180310 (E.D. Va. Mar. 10, 2015), are instructive to the reasonableness of

Plaintiffs' proposed rates in this action. In *Page*, the Court found reasonable the rates of $575.00 for senior partners, $390.00 to $410.00 for senior associates, and $300.00-$345.00 for junior associates. *Id.*. Additionally, a paralegal rate at $230.00 was found reasonable. *Id.* These hourly rates from a comparable market, (Richmond, VA) in a highly similar case exceed Plaintiffs' requested rates in this case in all respects. *Id.*

Additionally, Furthermore, attorneys with similar experience to Mr. Henkle have had motions for attorneys' fees granted by this Court at similar rates. *See Johnson v. Weinstein & Riley, P.S.*, 2011 U.S. Dist. LEXIS 33978 (E.D. N.C. 2011) (granting Plaintiffs' counsels' motion for attorney's fees at a rate of $250.00 in 2011 where one attorney had graduated law school in 2005 and work on the case had been completed in 2009 and early 2010). These rates reveal that the billing rates charged by Plaintiffs' counsel in this matter are reasonable and customary for legal services provided in the Eastern District of North Carolina. Therefore, the rate of $250.00 per hour for Mr. Henkle conforms to associate level work that is considered reasonable and customary for legal services pursuant to the prior decision of the Court.

Here, prior cases law and the evidence submitted by Plaintiffs' counsel reveals that the $250.00 rate for Mr. Henkle to be reasonable. (*See* Benton Decl. ¶ 8-10.)(stating any hourly rate of $250.00 for an associate like Mr. Henkle . . . [is] reasonable . . ."). Such evidence provided by Mr. Benton conforms to the aforementioned case law supporting fee awards at similar rates by this Court. *See Mammano v. Pittston County*, 792 F.2d 1242, 1245 (4th Cir. 1986) (stating that "Serving as counsel of record at trial is not a prerequisite to the recovery of fees. The issue, simply, is whether services were performed which contributed to claimant's success in the lawsuit."); *See ECOS, Inc., v. Brinegar,* 671 F. Supp. 381, 398 (M.D.N.C. 1987) (stating that a young attorney

should not be penalized for only recently being admitted to the bar where the attorney demonstrates legal skill and ability).

In the alternative, if the Court should find some of the Defendant's arguments persuasive, counsel acknowledges that the Court in its discretion may reduce counsel fees. *See Bunn v. Bowen*, 637 F. Supp. 464, 471 n. 6 (E.D.N.C. 1986) (stating that employing a percentage reduction is a practical means of trimming fat from plaintiff's fee petition and that a Court may identify and, as another option, disallow specific hours that are not adequately documented); *Rust v. Elec. Workers Local No. 26 Pension Trust Fund*, 2012 U.S. Dist. LEXIS 82044 (E.D. Va. 2012) (where a court acknowledged the power to make an across the board reduction declined to do so where there was "nothing that would suggest that plaintiff [was] seeking fees for non-recoverable activities"); *see also*, *Johnson v. Weinstein & Riley, P.S.*, 2011 U.S. Dist. LEXIS 33978 (E.D. N.C. 2011) (reducing counsel fees by twenty percent (20%)(from 127.2 to 101.76. hours) without identifying and disallowing specific hours which it felt were not adequately documented and where counsel had billed over fourteen (14) hours for activities (of 127.2 total) related to his own motion and memorandum for attorney fees).

Plaintiffs acknowledge that when a court determines an award of attorney fees is appropriate under the statute, the amount of attorney fees awarded lies within the discretion of the court. *Silver Deer St. John Equity Partners, LLC., v. Kopelman*, 2012 U.S. Dist. LEXIS 166849 (E.D.N.C. 2012). Plaintiffs request that the Court award attorney fees as requested in their Motion in light of the aforementioned cases where similar fees have been awarded.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for attorney fees should be granted.

Respectfully submitted this the 11 day of December, 2018.

                MARTINEAU KING, PLLC

                /s/ S. Mark Henkle
                S. Mark Henkle, Esq.
                N.C. State Bar No. 49265
                P.O. Box. 241268
                Charlotte, NC 28224
                Tel: 704-247-8525
                Fax 704-247-8582
                mhenkle@martineauking.com
                *Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of the same to all counsel of record in this matter.

Respectfully submitted this the 11 day of December, 2018.

        MARTINEAU KING, PLLC

        /s/ S. Mark Henkle
        S. Mark Henkle, Esq.
        N.C. State Bar No. 49265
        P.O. Box. 241268
        Charlotte, NC 28224
        Tel: 704-247-8525
        Fax 704-247-8582
        mhenkle@martineauking.com
        *Attorney for Plaintiffs*